UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERARD GERMAIN and<br>THERESA M. GERMAIN,<br><br>    Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY and<br>ARGENT SECURITIES, INC.,[1]<br><br>    Defendants. | No. 4:15-CV-1674 JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand. (Doc. No. 12) Defendant Deutsche Bank National Trust Company, as Trustee for Argent Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2 ("Deutsche Bank") filed its response on December 28, 2015. (Doc. No. 16) Plaintiffs did not file a reply. The motion is therefore fully briefed and ready for disposition.

**Background**

On September 24, 2015, Plaintiffs filed an action to quiet title against Deutsche Bank in the Circuit Court of St. Charles County, Case No. 1511-CC00812. In the Petition, Plaintiffs allege that on or about June 15, 1999, they purchased real property known and numbered as 5191 Rosemount Drive, St. Charles, Missouri 63304 ("the Property"). (Petition, Doc. No. 5 at ¶ 6) The Property was sold by Trustee's sale to Deutsche Bank on May 21, 2014. (Id. at ¶ 7) According to Plaintiffs, they filed a voluntary petition for Chapter 13 bankruptcy on May 21, 2014, prior to

---
[1] According to Deutsche Bank, its correct name is Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2.

completion of the Trustee's sale, which created an automatic stay pursuant to 11 U.S.C. § 362. (Id. at ¶¶ 8-10) Plaintiffs contend the sale of the Property on May 21, 2014 was in violation of the automatic stay and thus void. (Id. at ¶ 12) Deutsche Bank removed the case to this Court on November 6, 2015 based on diversity jurisdiction pursuant to 28 U.S.C. §§1331, 1332, and 1441. (Doc. No. 1) On November 23, 2015, Deutsche Bank filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 8) On December 4, 2015, Plaintiffs filed a motion to remand to state court, but never filed a response to Deutsche Bank's motion.

**Legal Standard**

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). Plaintiffs do not dispute diversity of the parties, but argue that the amount in controversy requirement has not been met. Where, as here, the underlying complaint does not specify an exact amount of damages, the removing party bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). More precisely, the defendant must show by a preponderance of the evidence that a fact finder "might legally conclude" that damages exceed the jurisdictional limit. Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 944 (8th Cir. 2012); Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). This burden "constitutes a pleading requirement, not a demand for proof[,]" id. at 945 (internal quotation marks omitted), although facts outside of the pleadings may be used for additional support. Yaeger v. Wyndham Vacation Resorts, Inc., 4:14-CV-795-JCH, 2014 WL 3130119, at *2 (E.D. Mo. July 8, 2014).

**Discussion**

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Drake v. Wells Fargo Bank, N.A., No. 11-00581-CV-W-DW, 2011 WL 10795515, at *2 (W.D. Mo. Oct. 7, 2011). See also Crowder v. Avelo Mortg., LLC, No. 4:14-CV-1351-RLW, 2014 WL 4915149, at *2 (E.D. Mo. Sept. 30, 2014) (quoting Usery v. Anadarko Petroleum Corp., 606 F.3d 1017, 1018-19 (8th Cir. 2010) (internal citations omitted). Plaintiffs' petition is not styled as a petition for declaratory judgment; however, Plaintiffs are essentially seeking declaratory relief by way of a court order finding they are the owners of the Property. Drake, 2011 WL 10795515, at *2. Thus, the Court finds that the amount in controversy must be established by determining the value of the object of the litigation. To determine the value, the Court "must determine what the property interest at issue is worth in the marketplace, which is a matter of objective fact." Crowder, 2014 WL 4915149, at *2 (quoting Usery, 606 F .3d at 1019; Portillo v. HSBC Mortgage Servs., Inc., CIV. 13–2370 DWF/JSM, 2014 WL 1431394, at *3, n. 3 (D. Minn. Apr. 14, 2014)).

Deutsche Bank asserts the appropriate measure of the amount in controversy is the amount of the loan or the value of the Property. (Doc. No. 16 at 4-5) Plaintiffs argue they have not attempted to challenge the promissory note or deed of trust in favor of Deutsche Bank (Doc. No. 12 at ¶ 11) and that the property interest at issue "is the value of the Plaintiffs' real property interest ($242,000.00) less the security interest created by the deed of trust and promissory note ($202,000.00)" (id. at ¶ 13; Affidavit of Theresa Germain, Doc. No. 12-1 at ¶¶ 2-3), i.e., their equity in the Property. Plaintiffs provide no support for their position and, as Deutsche Bank correctly points out, courts have rejected the notion that equity in the property is an appropriate

measure of the "right at issue." See Drake, 2011 WL 10795515, and Crowder, 2014 WL 4915149.

The Court finds Deutsche Bank has met its burden to demonstrate the amount in controversy. Based on the objective evidence, the Property's appraised value is $242,000.00. (Residential Appraisal Report, Doc. No. 12-2) According to Plaintiffs, the current unpaid balance of the loan is approximately $202,000.00. (Affidavit of Theresa Germain, Doc. No. 12-1 at ¶ 2) "Whether the value of the object of the litigation is construed to be the value of the loan as set forth in the note or the value of the property, that amount exceeds $75,000." Drake, 2011 WL 10795515, at *2. The Court finds therefore that the amount in controversy requirement is satisfied and Plaintiffs' motion to remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [12] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a response to Defendant's Motion to Dismiss (Doc. No. 9) by **Friday, January 29, 2016.**

Dated this 14th day of January, 2016.

*[signature]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**