UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERARD GERMAIN and<br>THERESA M. GERMAIN,<br><br>      Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY,<br><br>      Defendant. | No. 4:15-CV-1674 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Deutsche Bank National Trust Company (Deutsche Bank)'s Motion to Dismiss. (Doc. No. 9) Plaintiffs filed a response. (Doc. No. 18) Deutsche Bank did not file a reply and the time for doing so has passed. The motion is, therefore, fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

On September 24, 2015, Plaintiffs filed an action to quiet title against Deutsche Bank in the Circuit Court of St. Charles County, Case No. 1511-CC00812. Plaintiffs allege that on or about June 15, 1999, they purchased real property known and numbered as 5191 Rosemount Drive, St. Charles, Missouri 63304 ("the Property"). (Petition, Doc. No. 5 at ¶ 6) The Property was scheduled to be sold by Trustee's sale on May 21, 2014 at 1:00 p.m. (Id. at ¶ 7) Plaintiffs filed a voluntary petition for Chapter 13 bankruptcy on May 21, 2014 at 1:01 p.m., prior to completion of the Trustee's sale, which created an automatic stay pursuant to 11 U.S.C. § 362. (Id. at ¶¶ 8-10) Plaintiffs contend the sale of the Property to Deutsche Bank on May 21, 2014 was in violation of the automatic stay and thus void. (Id. at ¶ 12) Deutsche Bank moves to

dismiss Plaintiffs' action for failure to state a claim based on their lack of eligibility as debtors under 11 U.S.C. § 109(h)(1).

**Legal Standard**

In ruling on a motion dismiss under Rule 12(b)(6), the Court must "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Thus, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

**Discussion**

In support of its motion to dismiss, Deutsche Bank argues that Plaintiffs were not eligible debtors because they failed to obtain pre-petition credit counseling prior to filing their bankruptcy petition. Thus, no automatic stay was triggered when they filed their petition. (Doc. No. 8 at 5-7) Deutsche Bank submits Plaintiffs' Certificate of Counseling which states that Plaintiffs completed the required credit counseling on May 21, 2014, at 1:19 p.m. and a copy of the Bankruptcy Court's order dated May 22, 2014, dismissing Plaintiffs' bankruptcy case for

failing to obtain the mandatory credit counseling before filing their petition. (See Doc. Nos. 9-2, 9-3)[1]

Plaintiffs respond that under § 109(h), a debtor has 180 days to receive credit counseling, and that 180-day period includes the entire date of filing of the petition. Section 109(h)(1) originally provided that in order to be eligible to file a bankruptcy case, an individual must have received credit counseling "during the 180-day period preceding the date of the filing of the petition by such individual." Effective December 22, 2010, the word "preceding" was replaced with the phrase "ending on" by the Bankruptcy Technical Corrections Act of 2010, Pub. L. 111-327, § 2, 124 Stat. 3557, 3558 (2010). See Bankruptcy Law Manual § 3:7 (5th ed.) Because they received credit counseling on the date of the filing of their petition, albeit after the filing of the petition, Plaintiffs argue they have satisfied the express terms of § 109(h) and are entitled to be debtors. (Doc. No. 18 at 3-4)

Accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of Plaintiffs, the Court finds Plaintiffs have sufficiently pled a plausible claim for relief. Of course the Court is not reviewing the merits of the claim at this stage of the proceedings. What effect, if any, the Bankruptcy Court's order of dismissal has on Plaintiffs' claim is for the Court to determine at a later date.

Accordingly,

---

[1] In reviewing a Rule 12(b)(6) motion to dismiss, the court is "not precluded in [its] review of the complaint from taking notice of items in the public record." Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (quoting Papasan v. Allain, 478 U.S. 265, 269 n. 1 (1986)). See also Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"). In Missouri, as in other states, court records are public records. Levy, 477 F.3d at 991 (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978); Pulitzer Publ'g Co. v. Transit Cas. Co., 43 S.W.3d 293, 300-01 (Mo. banc 2001); R.S. Mo. §§ 109.180, 476.010).

**IT IS HEREBY ORDERED** that Defendant Deutsche Bank National Trust Company's Motion to Dismiss [9] is **DENIED**.

**IT IS FURTHER ORDERED** that a Rule 16 conference will be set by separate order.

Dated this 8th day of March, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**